John J. Dillon, J.
By decision dated January 3, 1968, this court denied the petitioner’s motion for an injunction prohibiting the respondent from selling a condominium apartment pending a hearing and determination of a complaint charging the respondent with racial discrimination. The application was denied because the court could find no evidence of discrimination, especially in view of the fact that the property owner stood *1016 ready and willing to give the complainant priority over all other applicants for the next apartment available. An order was entered on that decision on January 12, 1968.
The petitioner moves again for the same relief. It appears now that the apartment which the complainant wanted, and which had been under contract to a prior applicant, is again available, because the contract vendee was unable to procure the necessary mortgage financing. Once again the respondent has offered to enter into a contract with the complainant for the sale of such apartment, provided the proceeding before the commission is dismissed. Neither the complainant nor the commission will agree. Both of them seem determined to avoid the making of a voluntary contract between buyer and seller. Both the complainant and the commission seem to have resolved that the property owner shall be driven into the contract under compulsion, accompanied by a determination that the owner has engaged in discriminatory practices in violation of the law.
The court declines to be a party to any such procedure, and rejects the argument that it must grant injunctive relief under section 297 of the Executive Law where there is no showing of merit. The motion is again denied, and the stay contained in the order to show cause of January 24, 1968, is vacated.